Michael P. West, Esq. (SBN 172478)
Ashley A. Escudero, Esq. (SBN 250473)
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
mwest@clarkhill.com
aescudero@clarkhill.com

Attorneys for Defendant, DOWNEY COMMUNITY
CARE, LLC d/b/a Brookfield Healthcare Center
(also erroneously sued and served as "Brookfield
Healthcare Center")

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARMEN PADILLA, LETICIA PADILLA, JOSE PADILLA, JESUS PADILLA, ISMAEL PADILLA, and ALFREDO PADILLA, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>BROOKFIELD HEALTHCARE CENTER, unknown business entity; DOWNEY COMMUNITY CARE LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Re: Los Angeles Superior Court Case No. 21STCV04176] |

COME NOW, Defendant, DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER (hereinafter "Defendant"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, reserving all defenses and reserving all objections to venue based on 42 U.S.C.A. § 247d-6d(e)(1), pursuant to 28 U.S.C.A. §§ 1441 and 1446, on the following grounds:

1

# I.    STATEMENT OF THE CASE

1.    This action was originally filed in the Superior Court of the County of Los Angeles, California as Case No. 21STCV04176 on February 2, 2021. (Exhibit A, Complaint).

2.    Defendant "Brookfield Healthcare Center" was served with the Summons and Complaint on February 5, 2021.  (Exhibit B, Summons).  This named defendant does not exist in separate legal form as it is simply a fictitious business name utilized by Downey Community Care, LLC, which was served with the Summons and Complaint on February 18, 2021.  (Exhibit C, Summons).   Accordingly, this Notice of Removal is timely. *See* 28 U.S.C.A. § 1446(b).

3.    The Complaint asserts causes of action for "elder neglect" and wrongful death resulting from alleged misconduct by a covered person in the administration of a covered countermeasure under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d(d), 247d-6e (West 2020).

4.    More specifically, Plaintiffs claim that Defendant engaged in negligent, willful and/or reckless conduct in the care rendered to Asuncion Padilla in relation to exposure, diagnosis, and treatment of COVID-19 and in the distribution, administration, or use of medical countermeasures, like COVID-19 testing and personal protective equipment, to prevent the spread of COVID-19 within the skilled nursing facility known as Brookfield Healthcare Center, where Asuncion Padilla resided.

5.    The Complaint seeks damages including, general damages, special damages, punitive damages, interest, attorney's fees pursuant to Welfare and Institutions Code section 15657, and costs of suit.  *See,* Ex. A, Compl. Prayer for Relief.

# II.  PROCEDURAL REQUIREMENTS

6.    This notice is filed on behalf Defendant in the above-styled case pursuant to 28 U.S.C.A. § 1446(b)(2)(A).

7.    Concurrent with the filing of this Notice or promptly thereafter, Defendant is serving this Notice of Removal on all other parties pursuant to 28 U.S.C.A. § 1446(d).

2

8. Pursuant to 28 U.S.C.A. § 1446(a), copies of pleadings and documents from the Superior Court for the County of Los Angeles served upon or provided to Defendant are attached as follows: Summons and Complaint served on each named defendant in the Complaint. (Exs. A, B, and C).

## III. ARGUMENT AND CITATION TO LEGAL AUTHORITY

9. This case is removable under 28 U.S.C.A. § 1441(a) on the basis of "original jurisdiction" because Plaintiffs' Complaint asserts a claim "arising under" federal law within the meaning of § 1331.

10. On its face, the allegations contained in the Complaint reflect that a "covered person" was involved in "recommended activity" relative to a "covered countermeasure" and therefore presents a federal question under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

11. As such, Congress provided an exclusive remedy for the substance of the allegations, and relief sought in the Complaint and federal law expressly pre-empts state law for purposes of federal question jurisdiction. *See* PREP Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

12. Circuit Courts and District Courts have found "complete preemption" where a federal statute expressly preempts state law and creates an exclusive federal remedy for preempted state claims. *See, e.g., Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011); *In re WTC Disaster Site*, 414 F.3d 352, 380 (2d Cir. 2005); *Spear Marketing, Inc. v. Bancorp South Bank*, 791 F.3d 586 (5th Cir. 2015); *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F.Supp.2d 565 (E.D.Pa. 2004).

13. Here, as set forth below, Defendant asserts that Plaintiffs' claims are completely preempted by the PREP Act sections found at 42 U.S.C.A. §§ 247d-6d and 247d-6e. *See Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 253 (2011) (Sotomayor, J., dissenting) (The majority found that the National Childhood Vaccine Injury Act preempted state law. Justices Sotomayor and Ginsburg further analyzed that the PREP

3

Act unequivocally demonstrated an intent to preempt state law through its use of "categorical (*e.g.*, 'all') and/or declarative language (*e.g.*, 'shall')" completely preempting state law).

14.     Under 42 U.S.C.A. § 247d-6d(a), a "covered person" is afforded broad immunity for all "claims for loss arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure" as those terms are defined by that section, provided the Secretary of the Department of Health and Human Services (HHS) issues a declaration to that effect.

15.     For all claims barred by immunity under 42 U.S.C.A. § 247d-6d that do not assert "willful misconduct," the exclusive remedy for relief is established under § 247d-6e, which permits an individual to make a claim for benefits through the Countermeasures Injury Compensation Program, also known as the Fund, for a "covered injury directly caused by the administration or use of a covered countermeasure." In fact, and for purposes of illustrating Congress's intent to address all claims, even a claimant alleging "willful misconduct" must first apply for benefits through the Fund under § 247d-6e before bringing an action under § 247d-6d(d). *Id*. § 247d-6e(d)(1). Further, even where a plaintiff has alleged willful misconduct and exhausted his remedies relative to the Fund, such plaintiff is limited to "*an exclusive Federal cause of action*" for willful misconduct "maintained only in the United States District Court for the District of Columbia." 42 U.S.C.A. § 247d-6d9(d)(1)-(e)(1) (emphasis added).

16.     Moreover, under 42 U.S.C.A. § 247d-6d(b)(8), state law that "is different from, or in conflict with, any requirement applicable [for immunity]" is expressly preempted.

17.     Therefore, Congress has clearly manifested the intent to preempt state law with respect to claims that invoke PREP Act immunity and to create an exclusive federal remedy for such preempted claims, thereby "completely preempting" state law for purposes of federal question jurisdiction. *See Bruesewitz*, 562 U.S. at 253 (Sotomayor, J., dissenting).

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

18.     Here, as alleged in the Complaint, Defendant is a "covered person" in that Defendant's facility, Brookfield Healthcare Center, is a skilled nursing facility licensed by the State of California. Further, Defendant's facility, as well as its employees and affiliates are "covered persons" because each meet the requirements of a "program planner" of countermeasures under the PREP Act and are "qualified persons who prescribed, administered or dispensed" a countermeasure under the PREP Act. This was confirmed by the Office of the General Counsel, Secretary of the Department of Health and Human Services in an opinion letter dated August 14, 2020, stating that senior living communities, such as those operated by Defendant, are "covered persons," entitled to immunity under the PREP Act by virtue of their status as both "program planners" and "qualified persons."

19.     Plaintiffs' claim for loss "arises out of, relates to, or results from" the administration and use of a "covered countermeasure" obtained through a "means of distribution," to a "population," and within a "geographic area," or reasonably believed so by Defendant, for the purpose of treating, diagnosing, curing, preventing, or mitigating COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom, as such terms are defined within the PREP Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020), the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), and all corresponding amendments, regulations, and interpretational case law.

20.     At the time of the allegations set forth in the Complaint, and based on such allegations, Defendant was acting as a "program planner" that supervised the infection control policy program, under which FDA approved personal protective equipment including, without limitation, N95 respirators, face shields, and gowns as well as diagnostic countermeasures were distributed and administered to Asuncion Padilla and the staff of Brookfield Healthcare Center in an effort to diagnose, mitigate, and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom. Further,

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE
CENTER'S NOTICE OF REMOVAL

Defendant's employees and affiliates were acting as employees of a "program planner" that supervised and administered the infection control program that provided and used FDA approved countermeasures on Asuncion Padilla and the staff of Brookfield Healthcare Center in an effort to diagnose and mitigate COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

21.     At the time of the allegations set forth in the Complaint, and based on such allegations, Defendant's employees and affiliates were acting as "qualified persons" because Defendant's employees were authorized to administer, deliver, and use FDA covered countermeasures, like personal protective equipment and FDA approved COVID-19 devices, medication, and diagnostic tests to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

22.     At the time of the allegations set forth in the Complaint, and based on such allegations, Defendant was engaged in the management and operation of countermeasure programs in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto ("Declaration"), or reasonably believed so by Defendant. Likewise, Defendant's employees and affiliates were physically providing the countermeasures to Asuncion Padilla and using the countermeasures in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration, and all amendments thereto, or reasonably believed so by Defendant.  In fact, HHS confirmed in letter dated August 31, 2020 that diagnostic testing for COVID-19 in senior living communities qualifies as a "covered countermeasure" triggering PREP Act immunity.

23.     At the time of the allegations set forth in the Complaint, the respirators and face shields used by Defendant were approved by the FDA as a qualified pandemic or

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE
CENTER'S NOTICE OF REMOVAL

epidemic product and were respiratory protective devices approved by the National Institute for Occupational Safety and Health under 42 CFR part 84, and were administered, delivered, distributed, and dispensed in accordance with the public health and medical response of the State of California or reasonably believed so by Defendant, and Plaintiffs' claim for loss "arises out of, relates to, or results from" the administration and use of such "covered countermeasures."

24.    On January 8, 2021, the Secretary of the Department of Health and Human Services ("HHS") issued new controlling authority (hereinafter "AO 21-01") confirming unequivocally that: 1) the PREP Act is invoked by allegations like those in the Complaint, including alleged inaction or failure to act; 2) the PREP Act is a "Complete Preemption" Statute which confers federal question removal jurisdiction under 28 U.S.C. § 1441(a); and 3) as discussed in more detail below, federal jurisdiction is separately conferred in such cases under the doctrine articulated by the United States Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), because "ordaining the metes and bounds of PREP Act protection in the context of a national health emergency necessarily means that ***the case belongs in federal court***." (emphasis added).[1]

25.    AO 21-01 unequivocally states that "[t]he PREP Act is a 'Complete Preemption' Statute," because it establishes both a federal and administrative cause of action as the only viable claim, and vests exclusive jurisdiction in federal court."

26.    AO 21-01 rejects the notion that immunity under the PREP Act requires actual "use" of a covered countermeasure.  Specifically, AO 21-01 provides that "this 'black and white' view clashes with the plain language of the PREP Act, which extends

---

[1]    *The Office of the General Counsel, Secretary of the Department of Health and Human Services,* Advisory Opinion 21-01 On the Public Readiness And Emergency Preparedness Act Scope of Preemption Provision, https://www.hhs.gov/guidance/document/advisory-opinion-21-01-public-readiness-and-emergency-preparedness-act (issued January 8, 2021).

7

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

immunity to *anything* '*relating to*' the administration of a covered countermeasure." *See* AO 21-01 (citations omitted) (emphasis added)).

27.    AO 21-01 further provides that "[p]rioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declarations liability protections. ***There can potentially be other situations where a conscious decision not to use a covered countermeasure could relate to the administration of the countermeasure.***" *See* AO 21-01 (emphasis added).

28.    Additionally, AO 21-01 explains that "program planners" fall within the set of "covered persons" under the PREP Act and that "decision-making that leads to the ***non-use of covered countermeasures by certain individuals is the grist of program planning, and is expressly covered by PREP Act.***" *See* AO 21-01 (emphasis added).

29.    The implementing Declaration also expressly addresses inaction, as the Secretary defined "administration" of covered countermeasures to include not only physical use, but ***non-use***, such as activities and decisions, as well as management and operation, of countermeasure programs generally.  This distinction makes "explicit that there can be situations where ***not*** administering a covered countermeasure to a particular individual can fall within the PREP Act and this Declaration's liability protections."  85 Fed. Reg. 79190 (emphasis added).

30.    Because Defendant is a Covered Person and because Plaintiffs' allegations all concern Defendant's conscious decisions to use or not use covered countermeasures, including "implementing policies and procedures relating to infectious diseases" and PPE, Plaintiffs' claims squarely fall within the PREP Act.

31.    As confirmed in AO 21-01, when the PREP Act is triggered, complete preemption attaches. Indeed, "[t]he *sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court. The PREP Act does both." *See* AO 21-01.

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

32.     AO 21-01 is binding on this court, as the HHS Secretary has now incorporated all HHS Advisory Opinions pertaining to COVID-19 into the PREP Act's implementing Declaration itself, and proclaimed that the Declaration "must" be construed in accordance with them. *See* Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79190 (Dec. 9, 2020) (the "Fourth Amendment" or "Amendment"). As such, the HHS Advisory Opinions are no longer "advisory,"  as they now have the same "controlling weight" as the Declaration and the PREP Act itself.  Where Congress has expressly delegated interpretative authority to an agency, that agency's interpretative proclamations are controlling on the federal courts. *See Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 843-44 (1984). To avoid any doubt on this point, the Secretary amended the Declaration for the fifth time on January 28, 2021, confirming again in the Declaration itself that the PREP Act is a complete preemption statute.[2]  Congress has reinforced the Secretary's ultimate authority over these matters concerning the PREP Act, and warns that "[n]o court . . . shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under [the PREP Act.]" 42 U.S.C. § 247d-6d(b)(1), (4) & (7).

33.     HHS has issued authority that, pursuant to the Declaration, courts must use to resolve these questions, including AO 21-01, which confirms unequivocally that the PREP Act is a complete preemption statute.

34.     This AO 21-01 authority earlier in the year arrived on the heels of other HHS authorities that have provided additional, helpful guidance to the courts in construing the PREP Act.  For example, Advisory Opinion 20-04 confirms that any

---

[2]     *See* Fifth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, (Jan. 28, 2021).

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE
CENTER'S NOTICE OF REMOVAL

individual or organization can potentially be a program planner and receive PREP Act coverage – "even grocery stores, universities, private businesses, places of worship, and private transportation providers."[3]  HHS issued separate guidance letters specifically confirming that senior living communities, such as Defendant and other residential care facilities for the elderly (RCFEs), are program planners or qualified persons under the PREP Act when they administer or use diagnostic testing and other covered countermeasures.[4]

35.    Subsequently, the Fourth Amendment made "explicit that there can be situations where ***not*** administering a covered countermeasure to a particular individual can fall within the PREP Act and this Declaration's liability protections," and also incorporated all HHS Advisory Opinions into the Declaration itself, thus giving them controlling weight.  85 Fed. Reg. 79190 (emphasis added).  Even after AO 21-01 was issued on January 8th, the Secretary again amended the Declaration with the Fifth Amendment on January 28, 2021, stating "[t]he plain language of the PREP Act makes clear that there is complete preemption of state law."[5]

36.    In addition to these HHS authorities, the U.S. Department of Justice ("DOJ") filed a Statement of Interest ("SOI") of the United States in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (M.D. Tenn. Jan. 19,

---

[3]    HHS Advisory Opinion 20-04, https://www.hhs.gov/sites/default/files/advisory-opinion-20-04-hhs-ogc-publicreadiness-emergency-preparedness-act.pdf   ("AO   20-04")

[4]    *See* HHS Guidance Aug. 31, 2020,
 https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/prep-act-coverage-for-screening-in-congregate-settings.pdf

[5]    *See* Fifth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, (Jan. 28, 2021).

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

2021) at Dkt. No 35, which constitutes the official position of the United States' interest in the enforcement of the PREP Act providing, *inter alia*, that:

    a. The PREP Act is crucial to the "whole-of-nation response" to public health emergencies. *Id.* at 1–2. This response depends on the cooperation among private-sector partners and state and local officials across the nation and that "sweeping" immunity was granted to encourage such cooperation. *Id.* at 2.

    b. Federal jurisdiction is proper since the PREP Act's exclusive federal cause of action creates federal question jurisdiction. *Id.* at 3.

    c. PREP Act immunity for all federal and state law claims and a sole exception to immunity claims process makes the PREP Act a complete preemption statute. *Id.* at 7–8.

    d. It is the nature of a complaint that determines complete preemption, not the stated claims. *Id.* at 6.

    e. *Maglioli* and its progeny's interpretations of the PREP Act's complete preemptive effect are incorrect and that their holdings should be limited to their facts. *Id.* at 10–12.

37.    The DOJ's SOI commenting on the scope of a federal court's jurisdiction is of "considerable interest" to the courts. *See Republic of Austria v. Altmann*, 541 U.S. 677, 701 (2004); *see also Garb v. Republic of Poland*, 440 F.3d 579, 584 (2d Cir. 2006).

38.    Most recently, the United States District Court for the Central District of California in *Gilbert Garcia, et al v. Welltower OpCo Group, LLC, et al.*, Case No. SACV 20-02250JVS (KESx) issued a final order on February 10, 2021 regarding a case with similar facts in which it denied the plaintiffs' motion to remand and granted the defendants' motion to dismiss. Specifically, the Court held that (1) "[t]he acts and omissions alleged by Plaintiffs appear almost verbatim in the January 8, 2021 Advisory Opinion" and that accordingly, the PREP Act applied to the plaintiffs' claims (*Id.* at 14); (2) "because the OGC stated [in the January 8, 2021 Advisory Opinion] that the

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

PREP Act is a complete preemption statute . . . an adequate basis for federal question jurisdiction exists" (*Id*.); (3) prior Court opinions holding that the PREP Act did not provide a basis for federal question jurisdiction preceded more recent guidance from the OGC (Advisory Opinion published January 8, 2021), which established that "… when a party attempts to comply with federal guidelines—in this case the COVID-19 pandemic—the PREP Act would provide complete preemption" (Id., at 10); and (4) "While the Court acknowledges that certain allegations relate to a failure to abide by local or federal health guidelines, these allegations related to momentary lapses.  Taken as true, all Plaintiffs' FAC discloses are possible unsuccessful attempts at compliance with federal or state guidelines—something which the PREP Act, the Declaration, and the January 8, 2021 Advisory Opinion cover." (*Id.*, at 14).

39.     The Sixth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 was also published on February 10, 2021.  The Sixth Amendment again affirms that "[t]he plain language of the PREP Act makes clear that there is preemption of state law as described above."[6]

40.     Despite Plaintiffs' assertion of state law claims, the doctrine of complete preemption is invoked and jurisdiction over these claims is exclusively federal. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

41.     Therefore, Plaintiffs' Complaint invokes a federal question for which the governing federal law "completely preempts" Plaintiffs' state law claims, and removal is proper under 28 U.S.C.A. § 1441(a).

---

[6] Sixth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, (Jan. 28, 2021).

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

42.     In addition to complete preemption, AO 21-01 confirms that the PREP Act confers separate, independent grounds for federal question jurisdiction under the *Grable* doctrine. *See* AO 21-01.

43.     AO 21-01 highlights the Secretary's conclusion in the Declaration that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of [the *Grable* doctrine] in having a unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities." AO 21-01 (quoting 85 Fed. Reg. at 79, 197(col. c)).

44.     The Advisory Opinion's interpretation of *Grable* is consistent with the Supreme Court's long-standing rule "that in certain cases federal question jurisdiction will lie over state-law claims that implicate federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*.

45.     The *Grable* Court determined that no single, precise test exists for determining whether an embedded federal issue exists, but that, in general, a two-step process exists for determining whether a state law claim "arises under" federal law: (1) the state law claim must necessarily raise a stated federal issue that is actually disputed and substantial; and (2) federal courts must be able to entertain the state law claims "without disturbing a congressionally approved balance of state and federal judicial responsibilities." 545 U.S. at 314.  Here, both prongs are satisfied.

46.     First, Plaintiffs bring claims as a result for Defendant's alleged use or administration (or nonuse or non-administration) of covered countermeasures in connection with the care and treatment of Asuncion Padilla, which necessarily implicates disputed and substantial federal issues.  *See* 42 U.S.C. § 247d-6d.

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

47.     Second, as confirmed by the Advisory Opinion and the Declaration, the PREP Act expresses a clear intention to supersede and preempt state control of the very issues raised by Plaintiffs, *i.e.*, issues concerning Defendant's conscious decisions to use or not use covered countermeasures, including the use or non-use of PPE.   A substantial and disputed federal issue regarding the application of the PREP Act to Plaintiffs' claims therefore necessarily exists, and must be resolved by this Court to ensure the uniform and appropriate application of the PREP Act.

48.     Courts have long recognized federal jurisdiction under the *Grable* doctrine.  *See, e.g., McKay v. City & Cty. of San Francisco,* No. 16-CV-03561 NC, 2016 WL 7425927, at *4 (N.D. Cal. Dec. 23, 2016) (finding federal jurisdiction under *Grable* where plaintiff's request that court enjoin use of flight paths was "tantamount" to a challenge to the validity of an FAA decision); *Bender v. Jordan,* 623 F.3d 1128, 1131 (D.C. Cir. 2010) (finding federal jurisdiction under *Grable* where breach of contract action arose under federal law because agreement was required by federal law and turned on interpretation of federal regulations).

49.     The two-step process is also satisfied where the alleged dispute "could have" supported the defendant's assertion of a federal declaratory judgment action.  *See Hollyvale Rental Holdings, LLC v. Baum,* No. 216CV02888RFBPAL, 2018 WL 1608411, at *3 (D. Nev. Mar. 31, 2018) (*Grable* federal question jurisdiction existed under the "coercive action" doctrine where defendant "could have … brought a separate federal declaratory judgment action ….").

50.     The *Grable* doctrine and PREP Act are therefore directly applicable to Plaintiffs' claims and support this Court's jurisdiction.

**WHEREFORE**, having shown that this case is properly removable on the basis of diversity jurisdiction as well as federal question jurisdiction, Defendant provides notice pursuant to 28 U.S.C.A. § 1446 that the Action pending in Superior Court for the County of Los Angeles, California, Case No. 21STCV04176, is removed to the United

14

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S NOTICE OF REMOVAL

1  States District Court for the Central District of California, Western Division, and

2  respectfully requests that this Court exercise jurisdiction over this case.

3  Respectfully submitted this 5th day of March, 2021.

4

5                                    Respectfully submitted,
                                     **CLARK HILL LLP**

6

7              By:   /s/Michael P. West
                     Michael P. West
8                    Ashley A. Escudero
                     **CLARK HILL LLP**
9                    1055 W. 7th St., 24th Floor
                     Los Angeles, CA 90017
10                   Telephone: (213) 891-9100
                     Facsimile: (213) 488-1178
11                   mwest@clarkhill.com
                     aescudero@clarkhill.com
12                   *Attorneys for Defendant, Downey
                     Community Care, LLC dba Brookfield Healthcare
13                   Center*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE
CENTER'S NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated:  March 5, 2021

/s/ Michael P. West
Michael P. West

*Attorneys for Defendant,*
Downey Community Care, LLC dba
Brookfield Healthcare Center

***Attorney for Plaintiffs:***

Kennth G. Ruttenberg, Esq. (167377)
**THE RUTTENBERG LAW FIRM, P.C.**
1901 Avenue of the Stars, Suite 1020
Los Angeles, CA  90067
Tel:  (310) 979-7080
Fax: (310) 207-4033
Email:  ken@ruttenbergpc.com

**CERTIFICATE OF SERVICE**

ClarkHill\K3397\421390\262327515.v1-3/5/21