| | |
|---|---|
| 1 | Michael P. West, Esq. (SBN 172478) |
| | Ashley A. Escudero, Esq. (SBN 250473) |
| 2 | **CLARK HILL LLP** |
| | 1055 West Seventh Street, 24th Floor |
| 3 | Los Angeles, California 90017 |
| | Telephone:  (213) 891 9100 |
| 4 | Facsimile:   (213) 488-1178 |
| | mwest@clarkhill.com |
| 5 | aescudero@clarkhill.com |
| 6 | |
| 7 | Attorneys for Defendant, |
| | DOWNEY COMMUNITY CARE, LLC DBA BROOKFIELD HEALTHCARE |
| | CENTER (also sued and served as "Brookfield Healthcare Center") |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARMEN PADILLA, LETICIA PADILLA, JOSE PADILLA, JESUS PADILLA, ISMAEL PADILLA, and ALFREDO PADILLA, individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> BROOKFIELD HEALTHCARE CENTER, unknown business entity; DOWNEY COMMUNITY CARE LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.:  2:21-cv-02062 DMG (ASx) <br><br> **DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS** |

Defendant DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER ("Defendant") submits the following Opposition to the *ex parte* application of Plaintiffs, CARMEN PADILLA, LETICIA PADILLA, JOSE PADILLA, JESUS PADILLA, ISMAEL PADILLA, and ALFREDO PADILLA (collectively "Plaintiffs"):

1

## 1. INTRODUCTION

Plaintiffs' application requests that this Court continue the properly noticed hearing for Defendant's Motion to Dismiss because Plaintiffs do want to be "burdened with having to oppose the Motion to Dismiss prior to the hearing on their request to remand …" (Memorandum of Points and Authorities ("MPA", p. 4, lns. 14-15)  In addition to Defendant's disagreement with Plaintiffs' prediction regarding the likelihood of success of their Motion to Remand, Defendants oppose this *ex parte* application on the basis that Plaintiffs' moving papers have clearly failed to show how Plaintiffs would be irreparably prejudiced if Plaintiffs' application is not granted by this Court.

## 2. STATEMENT OF FACTS

Even a cursory review of the operative Complaint filed by Plaintiffs reveals that this is a case about Defendant's alleged failure as a skilled nursing facility to prevent its patient Asuncion Padilla ("Mr. Padilla") from contracting COVID-19 and subsequently passing away.  (See Compl., ¶¶ 14-17)  As summed up by Plaintiffs in their moving papers, "Within 58 days after entering the facility, [Mr. Padilla] contracted COVID-19; in 30 more days, he died from COVID (sic)."  (MPA, p. 3, lns. 23-24)

## 3. DEFENDANT DOES NOT BELIEVE THERE IS A "LIKELIHOOD OF REMAND" JUSTIFYING THE RELIEF REQUESTED

Plaintiffs contend, "Given the likelihood of remand, much wasted effort will be spent on the Motion to Dismiss." (Notice to MPA, p. 2, lns. 3-4)  Defendants could not disagree more with such a statement and clearly object to Plaintiffs improperly asking this Court to adjudicate the remand issue on an *ex parte* application before Defendant has even had a chance to file an opposition to the remand motion that was only filed yesterday. (Dkt. 11)

2

DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD
HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' *EX PARTE*
APPLICATION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO
DISMISS

As discussed more fully in Defendant's Notice of Removal of Civil Action (Dkt. 1) and Motion to Dismiss (DKT. 10), the Complaint asserts causes of action for "elder neglect" and wrongful death resulting from alleged misconduct by a covered person in the administration of a covered countermeasure under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d(d), 247d-6e (West 2020). Thus, this case was properly removable under 28 U.S.C.A. § 1441(a) on the basis of "original jurisdiction" because Plaintiffs' Complaint asserts a claim "arising under" federal law within the meaning of § 1331. As such, Congress provided an exclusive remedy for the substance of the allegations, and relief sought in the Complaint and federal law expressly pre-empts state law for purposes of federal question jurisdiction. *See* PREP Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

Despite Plaintiffs' protest, it is of no consequence that Plaintiffs' stated claims in the Complaint do not expressly reference a federal law or statute.[1] It is black letter law that a federal or state statute may be invoked in a complaint, even if it is not mentioned by name. *See JKC3H8 v. Colton*, 221 Cal. App. 4th 468, 478 (Cal. App. 2013). To allow a plaintiff to avoid the PREP Act through artful pleading "would totally frustrate the Legislature's objective of providing a quick and inexpensive method of unmasking and dismissing such suits." *Id.*

The removal to this Court is supported by the Department of Health and Human Services, which has stated unequivocally that: 1) the PREP Act is invoked by allegations like those in the Complaint, including alleged inaction or failure to act; 2) the PREP Act is a "Complete Preemption" Statute which confers federal question removal jurisdiction under 28 U.S.C. § 1441(a); and 3) federal jurisdiction is separately conferred in such cases under the doctrine articulated by the United States Supreme

---

[1] *See Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (M.D. Tenn. Jan. 19, 2021) at Dkt. No 35 [It is the nature of a complaint that determines complete preemption, not the stated claims.] *Id.* at 6.

3

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS**

1  Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), because "ordaining the metes and bounds of PREP Act protection in the context of a national health emergency necessarily means that the case belongs in federal court."[2]  To avoid any doubt on these points, the Secretary amended the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79190 for the fifth time on January 28, 2021, a sixth time on February 16, 2021, and a seventh time on March 11, 2021, confirming in all three amendments that the PREP Act is a complete preemption statute.  *See* 86 Fed. Reg. at 7874.

In addition to HHS authorities, the U.S. Department of Justice ("DOJ") filed a Statement of Interest ("SOI") of the United States in *Bolton, supra*, which constitutes the official position of the United States' interest in the enforcement of the PREP Act.  The SOI confirmed that federal jurisdiction is proper since the PREP Act's exclusive federal cause of action creates federal question jurisdiction, with PREP Act immunity for all federal and state law claims and a sole exception to immunity claims process making the PREP Act a complete preemption statute.[3]  *Id.* at 3, 7–8.

---

[2]  *The Office of the General Counsel, Secretary of the Department of Health and Human Services,* Advisory Opinion 21-01 On the Public Readiness And Emergency Preparedness Act Scope of Preemption Provision, https://www.hhs.gov/guidance/document/advisory-opinion-21-01-public-readiness-and-emergency-preparedness-act (issued January 8, 2021).  The Advisory Opinion is binding on this Court as the HHS Secretary has now incorporated all HHS Advisory Opinions pertaining to COVID-19 into the PREP Act's implementing Declaration itself, and proclaimed that the Declaration "must" be construed in accordance with them. *See* Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79190 (Dec. 9, 2020).

[3] The DOJ's SOI commenting on the scope of a federal court's jurisdiction is of "considerable interest" to the courts. *See Republic of Austria v. Altmann*, 541 U.S. 677, 701 (2004); *see also Garb v. Republic of Poland*, 440 F.3d 579, 584 (2d Cir. 2006).

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS**

Most recently, this District Court in *Garcia v. Welltower OpCo Grp. LLC*, 2021 WL 492581 (C.D. Cal. Feb. 10, 2021), considered a case with strikingly similar facts in which it denied the plaintiffs' Motion to Remand and granted the defendants' Motion to Dismiss. Specifically, the Court held that (1) "[t]he acts and omissions alleged by Plaintiffs appear almost verbatim in the January 8, 2021 Advisory Opinion" and that accordingly, the PREP Act applied to the plaintiffs' claims (*Id*. at 14); (2) "because the OGC stated [in the January 8, 2021 Advisory Opinion] that the PREP Act is a complete preemption statute . . . an adequate basis for federal question jurisdiction exists" (*Id*.); (3) prior Court opinions holding that the PREP Act did not provide a basis for federal question jurisdiction preceded more recent guidance from the OGC (Advisory Opinion published January 8, 2021), which established that "… when a party attempts to comply with federal guidelines—in this case the COVID-19 pandemic—the PREP Act would provide complete preemption" (Id., at 10); and (4) "While the Court acknowledges that certain allegations relate to a failure to abide by local or federal health guidelines, these allegations related to momentary lapses. Taken as true, all Plaintiffs' FAC discloses are possible unsuccessful attempts at compliance with federal or state guidelines—something which the PREP Act, the Declaration, and the January 8, 2021 Advisory Opinion cover." (*Id.*, at 14).

Therefore, Defendant does not believe there is any merit to Plaintiffs' assertion that this application should be granted based on the "likelihood" Plaintiffs' Motion to Remand will be granted as Defendant believes there are strong legal grounds supporting its denial.

4. **PLAINTIFFS CANNOT DEMONSTRATE IRREPARABLE PREJUDICE IF THIS APPLICATION IS DENIED**

As stated in this Court's Law and Motion Schedule #6, "Ex parte applications are solely for extraordinary relief and should be used with discretion." *See Mission Power Engineering, Co. v. Continental Casualty Co*. (C.D. Cal 1995) 833 F. Supp.

5

488. The party requesting *ex parte* relief must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. *Id.* at 492. Plaintiffs' have not presented evidence to support such a finding by this Court.

Defendant agrees that the Motion to Remand will be considered by the Court first on the scheduled hearing date. Obviously, this Court must first confirm that it has proper jurisdiction before considering the dispositive Motion to Dismiss. But, this does not mean that both motions cannot be considered by the Court at the same time.

None of the cases cited in Plaintiffs' moving papers stand for the proposition that these motions cannot be considered at the same time, but simply dictate the proper order for consideration of the motions. *See Laguna Village, Inc. v. Laborers' Internat. Union of North America* (1983) 35 Cal.3d 174, 175–176; *Quildon v. Intuit, Inc.* (N.D. Cal., May 25, 2012, No. 5:12-CV-00859 EJD) 2012 WL 1902021, at *3 [motion to dismiss deemed moot after granting motion to remand]; *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–96 (1998) and *Libhart v. Santa Monica Dairy Co*. (9th Cir. 1979) 592 F.2d 1062, 1065 [simply confirming that jurisdiction should be determined before reaching the merits of the case.]

If the Court grants the Motion to Remand, then the Motion to Dismiss is moot. However, if the Court denies the Motion to Remand, then it can immediately rule on Defendants' Motion to Dismiss without further delay. This is exactly how this District Court in *Garcia, supra*, handled the identical situation by considering both the Motion to Remand and the Motion to Dismiss at the same time, also involving a COVID-19 case triggering application of the PREP Act.

Further, Defendant desires a ruling on its Motion to Dismiss at the earliest possible stage of this litigation as it believes the PREP Act provides immunity for all of Plaintiffs' damage claims in this litigation. Questions of statutory interpretation "are

questions of law ripe for resolution at the pleadings stage." *Simmons v. Galvin*, 575 F.3d 24, 30 (1st Cir. 2009)

5. **CONCLUSION**

As Defendant believes it is immune from Plaintiffs' suit pursuant to the PREP Act and Plaintiffs have failed to show irreparable prejudice if both the Motion to Remand and Motion to Dismiss are considered at the same time, Defendant respectfully requests that this Court deny Plaintiffs' *ex parte* application.

Respectfully submitted this 19th day of March, 2021.

**CLARK HILL LLP**

By: /s/ Michael P. West
Michael P. West
Ashley Escudero
*Attorneys for Defendant,*
*Downey Community Care, LLC dba*
*Brookfield Healthcare Center*

7

DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO CONTINUE HEARING ON DEFENDANT'S MOTION TO DISMISS

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: March 19, 2021

/s/ Michael P. West
Michael P. West

*Attorneys for Defendants,*
Downey Community Care LLC dba Brookfield Healthcare Center

*Attorney for Plaintiffs:*

Kennth G. Ruttenberg, Esq. (167377)
**THE RUTTENBERG LAW FIRM, P.C.**
1901 Avenue of the Stars, Suite 1020
Los Angeles, CA  90067
Tel:  (310) 979-7080
Fax: (310) 207-4033
Email:  ken@ruttenbergpc.com

262328896.v1