Kenneth G. Ruttenberg (SBN 167377)
THE RUTTENBERG LAW FIRM, P.C.
1901 Avenue of the Stars, Suite 1020
Los Angeles, CA 90067
Tel:  (310) 979-7080
Fax:  (310) 207-4033
Email: *ken@ruttenbergpc.com*

Attorneys for Plaintiffs
Carmen Padilla, *et al.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN PADILLA, LETICIA PADILLA, JOSE PADILLA, JESUS PADILLA, ISMAEL PADILLA, and ALFREDO PADILLA,<br><br>Plaintiffs,<br><br>vs.<br><br>BROOKFIELD HEALTHCARE CENTER, an unknown business entity; DOWNEY COMMUNITY CARE LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:21-cv-02062-DMG (ASx)<br><br>**PLAINTIFFS' OBJECTIONS TO EVIDENCE IN DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  April 16, 2021<br>Time:  9:30 a.m.<br>Courtroom: 8C, First St. |

Plaintiffs Carmen Padilla, *et al.* ("Plaintiffs") object as follows to certain evidence in the Motion to Dismiss filed by Defendant Downey Community Care LLC, dba Brookfield Healthcare Center ("DCC"), pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 12(i).

### Objection No. 1

Plaintiffs object to Exhibit 1 to the March 12, 2021 Declaration of Michael P. West (Dkt. 10-2) (the "West Decl.") (a California Department of Public Health COVID-19 Focused Infection Control Survey dated July 16, 2020) (Dkt. 10-3).

1 **Grounds for Objection No. 1:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

## Objection No. 2

Plaintiffs object to Exhibit 2 to the West Decl. (Dkt. 10-2) (a California Department of Public Health COVID-19 Focused Infection Control Survey dated March 30, 2020) (Dkt. 10-4).

**Grounds for Objection No. 2:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

## Objection No. 3

Plaintiffs object to Exhibit 3 to the West Decl. (Dkt. 10-2) (a California Department of Public Health COVID-19 Focused Infection Control Survey dated June 18, 2020) (Dkt. 10-5).

**Grounds for Objection No. 3:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

**Objection No. 4**

Plaintiffs object to Exhibit 4 to the West Decl. (Dkt. 10-2) (Advisory Opinion 21-01 on the Public Readiness and Emergency Preparedness Act Scope of Preemption Provision issued January 8, 2021) (Dkt. 10-6).

**Grounds for Objection No. 4:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); the Advisory Opinion is just that, and not a federal statute or regulation (*FTB v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 8-9 [1983]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

**Objection No. 5**

Plaintiffs object to Exhibit 5 to the West Decl. (Dkt. 10-2) (Advisory Opinion on the Public Readiness and Emergency Preparedness Act and the March 10, 2020 Declaration under the Act, April 17, 2020 as Modified on May 19, 2020) (Dkt. 10-7).

**Grounds for Objection No. 5:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); the Advisory Opinion is just that, and not a federal statute or regulation (*FTB v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 8-9 [1983]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

/ / /

## Objection No. 6

Plaintiffs object to Exhibit 6 to the West Decl. (Dkt. 10-2) (an August 14, 2020 letter from the Department of Health and Human Services, Office of the General Counsel) (Dkt. 10-8).

**Grounds for Objection No. 6:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); the letter is just that, and not a federal statute or regulation (*FTB v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 8-9 [1983]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

## Objection No. 7

Plaintiffs object to Exhibit 7 to the West Decl. (Dkt. 10-2) (Advisory Opinion 20-04 on the Public Readiness and Emergency Preparedness Act and the Secretary's Declaration under the Act October 22, 2020, as modified on October 23, 2020) (Dkt. 10-9).

**Grounds for Objection No. 7:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); the Advisory Opinion is just that, and not a federal statute or regulation (*FTB v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 8-9 [1983]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

/ / /

**OBJECTIONS TO EVIDENCE IN MOTION TO DISMISS**

### Objection No. 8

Plaintiffs object to Exhibit 8 to the West Decl. (Dkt. 10-2) (Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19) (Dkt. 10-10).

**Grounds for Objection No. 8:** DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

### Objection No. 9

Plaintiffs object to Exhibit 9 to the West Decl. (Dkt. 10-2) (a Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19) (Dkt. 10-11).

**Grounds for Objection No. 9:** DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

### Objection No. 10

Plaintiffs object to Exhibit 10 to the West Decl. (Dkt. 10-2) (Executive Order N-27-20) (Dkt. 10-12).

**Grounds for Objection No. 10:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); the Executive Order is just that–a declaration from the state governor–and not a federal statute or regulation (*FTB v. Constr. Laborers*

1 *Vacation Trust for So. Cal.*, 463 U.S. 1, 8-9 [1983]); even if the Court agrees to
2 take judicial notice of the exhibit, the Court should not accept the truth of the
3 matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir.
4 2001]).

### Objection No. 11

Plaintiffs object to Exhibit 11 to the West Decl. (Dkt. 10-2) (an All Facilities Letter 20-01 published by the California Department of Public Health on January 27, 2020) (Dkt. 10-13).

**Grounds for Objection No. 11:** The document hasn't been properly authenticated (FRE 901[b][7]); DCC is making an improper speaking motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 [9th Cir. 2001]; *Morley v. Walker*, 175 F.3d 756, 759 [9th Cir. 1999]); the letter is just that, and not a federal statute or regulation (*FTB v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 8-9 [1983]); even if the Court agrees to take judicial notice of the exhibit, the Court should not accept the truth of the matters in the exhibit (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 [9th Cir. 2001]).

Dated: March 26, 2021     THE RUTTENBERG LAW FIRM, P.C.

By:   */s/ Kenneth G. Ruttenberg*
      Kenneth G. Ruttenberg
      Attorneys for Plaintiffs
      Carmen Padilla, *et al.*