Michael P. West, Esq. (SBN 172478)
Ashley A. Escudero, Esq. (SBN 250473)
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:  (213) 891 9100
Facsimile:   (213) 488-1178
mwest@clarkhill.com
aescudero@clarkhill.com

Attorneys for Defendant,
DOWNEY COMMUNITY CARE, LLC DBA
BROOKFIELD HEALTHCARE CENTER
(also sued and served as "Brookfield Healthcare Center")

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARMEN PADILLA, LETICIA PADILLA, JOSE PADILLA, JESUS PADILLA, ISMAEL PADILLA, and ALFREDO PADILLA, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>BROOKFIELD HEALTHCARE CENTER, unknown business entity; DOWNEY COMMUNITY CARE LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  2:21-cv-02062 DMG (ASx)<br><br>**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>**Date:**          **April 16, 2021**<br>**Time:**          **9:30 a.m.**<br>**Courtroom:**      **8C** |

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ....................................................................................1

II.  FACTUAL BACKGROUND ...................................................................2

III. ARGUMENT ..........................................................................................5

  A.   The PREP Act Confers Federal Jurisdiction......................................5

    1.   The Complete Preemption Doctrine .............................................7

    2.   The Grable Doctrine....................................................................11

  B.   Plaintiffs' Factual Allegations Invoke the PREP Act. ......................13

    1.   "Covered Countermeasures" are Properly Before this Court. ....13

    2.   Plaintiffs Plead Omissions Involving "Covered Countermeasures." ..........16

    3.   The Case Law Cited by Plaintiffs Is Unpersuasive ...................17

IV. CONCLUSION......................................................................................19

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

# <u>TABLE OF AUTHORITIES</u>

**<u>PAGE(S)</u>**

## <u>Cases</u>

*Beneficial Nat. Bank v. Anderson*,
  539 U.S. 1 (2003) ........................................................................................ 7, 8

*Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*,
  No. 3:30-cv-00683 (M.D. Tenn. Jan. 19, 2021) ...................................... 9, 16

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ............................................................................................ 7

*Cefarrati v. JBG Props.*,
  75 F. Supp. 3d 58 (D.D.C. 2014) .................................................................. 8, 18

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
  467 U.S. 837, (1984) ........................................................................................... 7

*Cincinnati Ins. Co. v. All Plumbing, Inc.*,
  64 F. Supp. 3d 69 (D.D.C. 2014) ..................................................................... 13

*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*,
  693 F.3d 1195 (10th Cir. 2012) .......................................................................... 9

*Garcia v. Welltower OpCo Group LLC*,
  2021 WL 492581 (C.D. Cal. Feb. 10, 2021) ................................................ 16, 17

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,
  545 U.S. 308 (2005) .......................................................................... 6, 12, 13, 19

*In re Miles*,
  430 F.3d 1083 (9th Cir. 2005) ............................................................................. 8

*In re WTC Disaster Site*,
  414 F.3d 352 (2d
  Cir. 2005) ............................................................................................................ 9

*JKC3H8 v. Colton*, 221 Cal. App. 4th 468 (2013) ................................................. 8

*McKay v. City & Cty. of San Francisco*,
  No. 16-CV-03561 NC, 2016 WL 7425927 (N.D. Cal. Dec. 23, 2016) ................. 13

*Metro. Life Ins. Co. v. Taylor*,
  481 U.S. 58 (1987) ............................................................................................... 8

*Smith v. Colonial Care Center, Inc.*,
  No. 2:21-cv-00494-RGK-PD, 2021 WL 1087284 (C.D. Cal. Mar. 19, 2021) ...... 18

*US Airways Master Exec. v. Am. W. Master Exec. Council*,
  525 F. Supp. 2d 127 (D.D.C. 2007) ..................................................................... 8

ii

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD**
**HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*,
65 F.Supp.3d 932 (C.D. Cal. 2014)................................................................5

*Xechem, Inc. v. Bristol-Myers Squibb Co.*,
372 F.3d 899 (7th Cir. 2004)......................................................................16

**Statutes**

28 U.S.C. § 1441(a) ......................................................................................6

42 U.S.C. § 247d-6d .............................................................................passim

42 U.S.C. § 247d-6d(a)(1)(6) ......................................................................14

42 U.S.C. § 247d-6d(b)(1) .............................................................................7

42 U.S.C. § 247d-6d(b)(4) .............................................................................7

42 U.S.C. § 247d-6d(b)(7) .............................................................................7

42 U.S.C. § 247d-6d(b)(8)(A) ........................................................................9

42 U.S.C. § 247d-6d(c)(1)(A) .......................................................................16

42 U.S.C. § 247d-6d(i)(1) ............................................................................14

42 U.S.C. § 247d-6d(i)(8) ............................................................................14

42 U.S.C. § 247d-6e(d)(4) ............................................................................10

42 U.S.C. 247d-6d ........................................................................................16

49 U.S.C. §40101 (2001) ...............................................................................8

**Other Authorities**

Determination that a Public Health Emergency Exists, https://www.
phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx ...................2

Executive Order N-27-20 dated March 15, 2020: https://www.gov.ca.gov/wp-
content/uploads/2020/03/3.15.2020-COVID-19-Facilities.pdf ..............................2

https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-
documents/210108I078-jo-advisory-opinion-prep-act-complete-preemption-01-08-
2021-final-hhs-web.pdf .................................................................................6

https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-
documents/AO%204.2_Updated_FINAL_SIGNED_10.23.20.pdf......................10

Letter from President Donald J. Trump on Emergency Determination Under the
Stafford Act, https://www.whitehouse.gov/briefings-statements/letter-president-
donald-j-trump-emergencydetermination-stafford-act/ ..............................................2

DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD
HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Proclamation of a State of Emergency (Mar. 4, 2020) https://www. gov.ca.gov/2020/03/04/governor-newsom-declares-state-of-emergency-to-help-state-prepare-for-broader-spread-of-covid-19/ ........................................................2

Removal Based on Complete Preemption, 14C FED. PRAC. & PROC. JURIS. § 3722.2 (Rev. 4th ed.) ..................................................................................................8

*See* U.S. Food & Drug Administration, FDA Combating COVID-19 With Medical Devices (May 4, 2020), https://www.fda.gov/media/136702/download ................14

U.S. Food & Drug Administration, Emergency Use Authorization, https://www.fda.gov/emergency-preparedness-and-response/mcm-legal-regulatory-and-policy-framework/emergency-use-authorization#covid19euas ........................14

WHO Director-General's Opening Remarks at the Media Briefing on COVID-19 (Mar. 11, 2020), https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-mediabriefing-on-covid-19---11-march-2020 ....................2

**Regulations**

42 C.F.R. pt. 110 ..........................................................................................10

42 C.F.R. § 483.80 ...................................................................................5, 15

85 Fed. Reg. 16949-16950 ..........................................................................14

85 Fed. Reg. 79190 ......................................................................................16

85 Fed. Reg. 79197 ......................................................................................16

86 Fed. Reg. at 7874 ......................................................................................7

DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD
HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER (hereinafter "Defendant" or "Brookfield"), by and through undersigned counsel, hereby submits its Opposition to the Motion to Remand filed by Plaintiffs, CARMEN PADILLA, LETICIA PADILLA, JOSE PADILLA, JESUS PADILLA, ISMAEL PADILLA, and ALFREDO PADILLA (hereinafter collectively "Plaintiffs") as follows:

## I.    INTRODUCTION

Plaintiffs' Motion for Remand presents no compelling argument to deprive this Court of federal jurisdiction over Plaintiffs' claims.  Because Plaintiffs' allegations squarely invoke the Public Readiness and Emergency Preparedness Act, 42 U.S.C. § 247d-6d (the "PREP Act"), Plaintiffs' claims raise important issues of federal law and policy that must be decided by a federal court.  Indeed, the Secretary of Health and Human Services ("HHS") has declared the PREP Act a "Complete Preemption statute," which mandates federal jurisdiction for claims like these because "there are substantial federal legal and policy issues, and substantial federal legal and policy interests . . . in having a unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private sector entities." 85 Fed. Reg. 79190, 79194.  Further, this Court recently held in *Garcia v. Welltower OpCo Grp. LLC*, 2021 WL 492581, at *9 (C.D. Cal. Feb. 10, 2021), a case with similar facts, issues, and defendants, that the PREP Act is a complete preemption statute warranting federal jurisdiction in this Court.

Plaintiffs' argument that there is no causal connection between their claims of loss and "administration" or "use" of a covered countermeasure is directly negated by their own allegations in the Complaint, documents cited to in the Complaint, and documents of which this Court can take judicial notice of for purposes of this motion. Likewise, Plaintiffs' allegations of inaction, failure to act, and other omissions do not "plead around" the PREP Act, and are precisely like those which HHS has said are covered by the PREP Act.  Finally, Plaintiffs' reliance on unpersuasive case law is misplaced, especially in light of recent amendments to the Secretary's Declaration,

1

HHS guidance, and the *Garcia* case, which are more controlling and persuasive authorities over these issues.

Defendant requests that this Court exercise its federal jurisdiction and deny Plaintiffs' Motion.  If the Court determines there are insufficient facts to decide these issues based on the pleadings alone, it should err on the side of caution and permit a hearing and jurisdictional discovery before deciding Plaintiffs' Motion.

## II.    FACTUAL BACKGROUND

By January 27, 2020, HHS declared a public health emergency because of COVID-19[1], and on March 11, 2020, the WHO declared a global pandemic.[2]  On March 4, 2020, Governor Gavin Newsom issued a Proclamation declaring a state of emergency in California concerning COVID-19.[3]  On March 13, 2020, the President of the United States declared a nationwide emergency pursuant to the Stafford Act.[4]  Further, on March 15, 2020, Governor Newsom issued Executive Order N-27-20, in part, because of the expected significant challenges that long-term facilities would face in staffing and capacity as a result of COVID-19. This Order reaffirmed the important role of facilities like Brookfield, directed collaboration between the state and covered persons, and specifically authorized the continued work of asymptomatic workers to address shortages in staffing.[5]

---

[1] *See* Determination that a Public Health Emergency Exists, https://www.phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx.

[2] *See* WHO Director-General's Opening Remarks at the Media Briefing on COVID-19 (Mar. 11, 2020), https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-mediabriefing-on-covid-19---11-march-2020 .

[3] *See* Proclamation of a State of Emergency (Mar. 4, 2020) https://www.gov.ca.gov/2020/03/04/governor-newsom-declares-state-of-emergency-to-help-state-prepare-for-broader-spread-of-covid-19/.

[4] *See* Letter from President Donald J. Trump on Emergency Determination Under the Stafford Act, https://www.whitehouse.gov/briefings-statements/letter-president-donald-j-trump-emergencydetermination-stafford-act/

[5] *See* Executive Order N-27-20 dated March 15, 2020: https://www.gov.ca.gov/wp-content/uploads/2020/03/3.15.2020-COVID-19-Facilities.pdf

---

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

The Complaint confirms that this case is predicated on Defendant's handling of COVID-19 within Brookfield: [6]

- "[Mr. Padilla's] roommates came and went as patients were admitted and discharged, without any evidence to Plaintiffs that the new roommates were vetted and tested for COVID-19." (Compl., ¶ 15)

- On October 5, 2020, Brookfield tested [Mr. Padilla] for COVID-19." (Compl., ¶ 16)

- "On or about November 12, 2020, one of [Mr. Padilla's] roommates tested positive for COVID-19…The next day, [Mr. Padilla] also tested positive for COVID-19." (Compl., ¶ 16)

- "…Brookfield then put [Mr. Padilla] into isolation …" (Compl., ¶ 16)

- "…[Mr. Padilla] was admitted to Lakewood Regional Medical Center for COVID-19 treatment…His death was caused by COVID-19 and related complications." (Compl., ¶ 17)

- "Defendants [failed] to protect [Mr. Padilla] from known health and safety hazards…Defendants conduct…harmed [Mr. Padilla]…" (Compl., ¶ 22)

- "Defendants' conduct directly caused [Mr. Padilla's] death." (Compl., ¶ 29)

Thus, no matter how Plaintiffs attempt to characterize the allegations, the inescapable conclusion is that the Complaint specifically sets forth an alleged direct causal link between Brookfield's response to COVID-19 within its facility and Mr. Padilla's alleged injuries and death.

Although the allegations in Plaintiffs' Complaint strategically avoid specific references to Brookfield's infection control program or use of PPE, the July 2020 Citation to which the Complaint refers actually confirms that Brookfield did have in place an infection prevention and control program well before Mr. Padilla's admission, but was simply cited based on an alleged observation of staff *sharing* a disposable PPE

---

[6] Brookfield is a skilled nursing facility licensed by the California Department of Public Health.

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

gown.[7]  (Compl., ¶ 18; *See* Declaration of Michael P. West, hereafter "West Decl.", 7/16/20 CA DPH "COVID-19 Focused Infection Control Survey" ("COVID-19 FICS"), Exhibit 1.)  Sharing is obviously completely different than "non-use".  Further, the investigator noted that the staff who were caring for the residents were doing so in the "yellow (persons under investigation) zone and red (Coronavirus Disease 2019 [COVID 19] highly contagious viral infection)" zone, thus clearly confirming an isolation protocol in place for residents designed to mitigate the virus.  (West Decl., Ex. 1.)

The investigator for the July 2020 inspection specifically wrote observing that the staff member donned a disposable PPE gown, but did not dispose of it since it was being shared by staff when treating the resident in the designated room.   Further, the investigator quoted an interview with the assisted Director of Nursing in which it was stated, "[T]he practice of sharing disposable gowns reused by staff was part of [the facility's] Mitigation Plan for preservation of PPEs."  The surveyor also cited to the following source for a contingency strategy to be employed during the pandemic as follows: "According to Center for Disease Control and Prevention (a national public health institute) Coronavirus Disease 2019, updated July 16, 2020, the Contingency Capacity Strategies indicated to shift gown use towards cloth isolation gowns…The consideration can be made to extend the use of isolation gowns (disposable or cloth) such that the same gown is worn by the same healthcare practitioner when interacting with more than one patient known to be infected with the same infectious disease when

---

[7] Courts "must look to the complaint as of the time the removal petition was filed" when "determining the existence of removal jurisdiction based upon a federal question." *Libhart v. Santa Monica Dairy Co.* (9th Cir. 1979) 592 F.2d 1062, 1065 "Certain written instruments attached to pleadings may be considered part of the pleading. See Fed.R.Civ.P. 10(c). Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie* (9th Cir. 2003) 342 F.3d 903, 908.

4

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD**
**HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

these patients housed in the same location (i.e. COVI-19 patients residing in an isolation cohort)…" (West Decl., Ex. 1). Thus, clearly there was a decision making process in play at Brookfield addressing rapidly changing guidelines for handling PPE in the storm of a pandemic while dealing with a shortage of supplies.

The Complaint conveniently also fails to direct attention to the March 30, 2020 CA PFH COVID-19 FICS and the 6/18/20 CA DPH COVID-19 FICS, which again confirm that Brookfield had in place countermeasures designed to prevent the infiltration and spread of COVID-19 within its facility. The March 2020 survey found: "The facility was found to be in compliance with 42 CFR § 483.80. No deficiencies were noted for the [COVID-19 FICS]." (West Decl., 3/30/20 CA DPH COVID-19 FICS, Ex. 2). Similarly, the June 2020 survey found: "The facility was found to be in compliance with 42 CFR § 483.80 infection control regulations and has implemented the CMS and … (CDC) recommended practices to prepare for COVID-19." (West Decl., 6/18/20 CA DPH COVID-19 FICS, Ex. 3).[8]

## III.   ARGUMENT

Plaintiffs' Motion essentially argues that there is no complete preemption under the PREP Act to confer federal jurisdiction in this case and, even if so, Plaintiffs' Complaint does not invoke the PREP Act, as there is allegedly no causal connection between Plaintiffs' claims of loss and administration or use of a covered countermeasure. Each of Plaintiffs' arguments lacks merit, as demonstrated by Plaintiffs' own allegations and documents available for review, and federal jurisdiction properly lies in this Court.

### A.   The PREP Act Confers Federal Jurisdiction.

There is no question that the PREP Act confers federal jurisdiction. On January 8, 2021, the Secretary of HHS issued Advisory Opinion 21-01 ("AO 21-01") to

---

[8] The Court may consider external evidence "in deciding a remand motion, including documents that can be judicially noticed." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F.Supp.3d 932, 941 (C.D. Cal. 2014).

5

specifically address the PREP Act's "Scope of Preemption Provision."  AO 21-01 confirmed unequivocally that: 1) the PREP Act is invoked by allegations like those in the Complaint, including alleged failure to act or inaction; 2) the PREP Act is a "Complete Preemption" Statute which confers federal question removal jurisdiction under 28 U.S.C. § 1441(a); and 3) federal jurisdiction is separately conferred in such cases under the doctrine articulated by the United States Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), because "ordaining the metes and bounds of PREP Act protection in the context of a national health emergency necessarily means that ***the case belongs in federal court***."[9]  AO 21-01.

In confirming that the PREP Act is a complete preemption statute, the Secretary explained in that the "*sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court.  ***The PREP Act does both***."  AO 21-01 (emphasis added).  Importantly, this advisory opinion was not issued unilaterally by HHS, but carefully developed by HHS in accordance with the provisions of the PREP Act and in close consultation with the DOJ Office of Legal Counsel.[10]

To avoid any doubt on these points, the Secretary amended the Declaration for the fifth time on January 28, 2021.  In that Amendment, the Secretary again confirmed that "the plain language of the PREP Act makes clear that there is ***complete preemption*** of state law. . . ."  *See* 86 Fed. Reg. 7872, 7874 (emphasis added).  The Secretary explained that "preemption of State law is justified to respond to the nation-wide public health emergency caused by COVID-19. . . ."  *Id.*  The Declaration was then amended a sixth time on February 16, 2021 and a seventh time on March 11, 2021 to again

---

[9]  AO 21-01 is available at https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/2101081078-jo-advisory-opinion-prep-act-complete-preemption-01-08-2021-final-hhs-web.pdf.

[10]  *See* Preemption of State and Local Requirements Under a PREP Act Declaration, 45 Op. O.L.C. X (2021), https://www.justice.gov/olc/file/1356956/download.

6

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

confirm the preemption nature of this statute.  *See* 86 Fed. Reg. at 7874.   These controlling authorities, repeated time and time again, are truly the law of the land.  As Congress warns in the PREP Act itself, "[n]o court . . . shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under [the PREP Act]."  42 U.S.C. § 247d-6d(b)(1), (4) & (7).

Although Plaintiffs and other courts have attempted to discount the impact of these types of authorities, the Fourth Amendment clarifies that the Declaration must be construed in accordance with advisory opinions issued by HHS.  As such, these advisory opinions, including AO 21-01, now have the same "controlling weight" as the Declaration itself.  *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44 (1984).  While these unequivocal confirmations of authority should end the analysis here, the Secretary's rational basis for complete preemption is further supported below.

### 1. The Complete Preemption Doctrine

Plaintiffs' argument that the complete preemption exception does not apply here is directly refuted by the plain language of the PREP Act, its implementing Declaration (the "Declaration") issued by the Secretary of HHS, and the numerous HHS advisory opinions issued pursuant to guidance and counsel from the United States Department of Justice ("DOJ").

Whether a claim qualifies for federal question jurisdiction "is governed by the 'well-pleaded complaint rule.'" *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  However, an exception, or corollary to, the "well-pleaded complaint rule" provides that a defendant may remove a claim that is "artfully pled" to avoid federal preemption "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003); AO 21-01 at p. 4 (discussing artful pleading and complete preemption).  "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is

7

---

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD
HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

in reality based on federal law." *Beneficial Nat. Bank*, 539 U.S. at 8. Indeed, it is black letter law that a federal or state statute may be invoked in a complaint, even if it is not mentioned by name. *See JKC3H8 v. Colton*, 221 Cal. App. 4th 468, 478 (2013).

In certain situations, "[T]he preemptive force of a statute can be so 'extraordinary' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *US Airways Master Exec. v. Am. W. Master Exec. Council,* 525 F. Supp. 2d 127, 133 (D.D.C. 2007) (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 1 (1987)); *see also Cefarrati v. JBG Props.,* 75 F. Supp. 3d 58, 64 (D.D.C. 2014) ("When the preemptive force of a federal statute is strong enough, 'a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'") (internal citations omitted).

While there is no bright line test to determine whether a statute completely preempts state law claims, the Ninth Circuit holds that removal based on the complete preemption doctrine is appropriate where Congress has created an exclusive federal cause of action. *See, e.g.*, *In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005) (bankruptcy code completely preempted state law claim).[11] Similarly, other circuit and district courts[12] find complete preemption where a federal statute (1) expressly preempts state

---

[11] *See, e.g.*, Removal Based on Complete Preemption, 14C FED. PRAC. & PROC. JURIS. § 3722.2 (Rev. 4th ed.) (collecting cases and statutes).

[12] Contrary to Plaintiffs' assertion, since the *Beneficial* case in 2003, 13 statutes have been the subject of "complete preemption" findings by lower courts. The Air Transportation Safety and System Stability Act ("ATSSSA"), for example, was enacted after the September 11, 2001 terrorist attacks, preempting all state law claims and creating a federal Victim Compensation Fund to provide exclusive remedies for individuals meeting the Act's criteria. *See* 49 U.S.C. §40101 (2001). It was not until after the district court erroneously remanded 26 cases that the Second Circuit finally confirmed federal removal jurisdiction over all claims for injuries "related to" the 9/11 attacks based on the broad preemptive language of ATSSSA and the exclusive federal remedy for claims, even if pled in state law. *See In re WTC,* 414 F.3d at 375 (provisions "establishing an exclusive federal remedy undeniably bespeak an intent to displace state-law remedies entirely for such damages claims").

8

---

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

law and (2) creates an exclusive federal remedy for preempted state claims. *See, e.g.,* *In re WTC Disaster Site*, 414 F.3d 352, 380 (2d Cir. 2005); *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) ("For complete preemption to apply, the federal remedy must provide some vindication for the same basic right or interest alleged by the plaintiff.").

These hallmarks of complete preemption are certainly present in the PREP Act. As the Secretary explained, "[t]he PREP Act is a 'Complete Preemption' Statute" because it establishes both a federal and administrative cause of action as the only viable claim, and vests exclusive jurisdiction in federal court.[13] *See* AO 21-01 at pp. 2-4. First, the plain language of the PREP Act clearly evinces Congress's intent that the PREP Act completely preempts state law claims. In a subsection of the PREP Act conspicuously titled, "**PREEMPTION OF STATE LAW**," the statute provides, in relevant part, that no state "may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that [ ] is different from, or is in conflict with, any requirement applicable under this section." 42 U.S.C. § 247d-6d(b)(8)(A). The PREP Act also extends immunity protection to certain individuals for all claims for loss, whether based in federal or state law: "[A] covered person ***shall be immune from suit and liability*** under federal and state law with respect to ***all claims for loss*** caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a

---

[13] In addition to HHS, the DOJ filed a Statement of Interest of the United States in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (M.D. Tenn. Jan. 19, 2021) at Dkt. No. 35, which confirmed the PREP Act is a complete preemption statute, and it is the nature of a complaint that determines complete preemption, not the stated claims.

9

Declaration has been issued with respect to such countermeasures." 42 U.S.C. § 247d-6d(a)(1) (emphasis added).[14]

Second, Congress has created an "exclusive" remedy in the PREP Act for individuals claiming injury as a result of a covered countermeasure through compensation from the federal Covered Countermeasures Process Fund. *See* 42 U.S.C. § 247d-6e(d)(4).[15]  Even for exceptions to PREP Act immunity based on claims of willful misconduct, suits may be heard only in the United States District Court for the District of Columbia. *See* 42 U.S.C. § 247d-6d(e)(1) & (5).  For those exceptions, the PREP Act outlines specific parameters and procedural rules, including pleading standards, civil discovery rules, damages caps, and others – all presided over by a special three-judge panel of the D.C. federal court. *See id.*

Notably, the PREP Act's complete preemption of willful misconduct claims is not perennial like other complete preemption statutes.  Rather, the PREP Act is a dormant statute which is activated only during the national public health emergency declared by the Secretary during COVID-19, and only under circumstances defined by the implementing declaration during the limited time period in which the declaration is in effect.  *See* 42 U.S.C. § 247d-6d; 85 Fed. Reg. 15198.  For the purpose of this case, therefore, it is only during the crisis period of the COVID-19 national emergency, as defined by the Secretary's Declaration, as amended, that a claimant must pursue willful misconduct claims related to COVID-19 through this specially designed judicial process.  This statutory and remedial scheme is essential to establish uniformity and

---

[14] HHS Advisory Opinion 20-04 ("AO 20-04") states that the preemption and immunity provisions must be read together, and that the preemption provision is "express" and "broad."  AO  20-04  is  available  at: https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/AO%204.2_Updated_FINAL_SIGNED_10.23.20.pdf.
[15] AO 20-04 reinforced the exclusive nature of these federal remedies by noting that the PREP Act "***replaces*** certain damages claims that would normally be brought in court with a no-fault compensation system outlined at 42 C.F.R. pt. 110."

10

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

1  consistency in addressing claims that may arise during the COVID-19 global

2  emergency.

3    In a case decided by this Court with strikingly similar facts, *Garcia*, cited *supra*,

4  at *9, Judge Selna held that the PREP Act is a complete preemption statute.  In that

5  case, the plaintiffs alleged that the defendants employed a variety of measures,

6  including purportedly ineffective measures, to combat COVID-19 at the facility.  *Id.* at

7  *1.  When Mr. Garcia began to exhibit symptoms, he was tested for COVID-19,

8  received a positive test result, and passed away in July 2020.  *Id.* at *2.  The plaintiffs,

9  as Mr. Garcia's representatives, filed the case in state court, bringing California state

10  law claims of elder abuse and neglect, wrongful death, and intentional infliction of

11  emotional distress.  *Id.* at *1.  The defendants removed the case to federal court based

12  in part on complete preemption of the PREP Act, and the plaintiffs moved to remand

13  to state court.  *Id.* at *1-2.  This Court concluded that "because the OGC stated that the

14  PREP Act is a complete preemption statute . . . an adequate basis for federal question

15  jurisdiction exists," noting that the sole exception to PREP Act immunity is an

16  exclusive Federal cause of action based on willful misconduct in the D.D.C.  *Id.* at *9.

17  As a result, the *Garcia* Court denied the plaintiff's motion to remand, maintained

18  federal jurisdiction, and dismissed the plaintiffs' claims altogether.  *See id.*  This Court

19  should apply the same analysis here.

      **2. The *Grable* Doctrine**

20    The HHS Secretary has stated in the amended Declaration, *see* 85 Fed. Reg.

21  79190, as well as AO 21-01, that the PREP Act confers federal jurisdiction separately

22  under the *Grable* doctrine articulated by the United States Supreme Court because

23  "ordaining the metes and bounds of PREP Act protection in the context of a national

24  health emergency necessarily means that **the case belongs in federal court**."  AO-21

25  (emphasis added).  AO 21-01 further explains that "there are substantial federal legal

26  and policy issues, and substantial federal legal and policy interests within the meaning

    of [the *Grable* doctrine] in having a unified, whole-of-nation response to the COVID-

                                          11

19 pandemic among federal, state, local, and private-sector entities." AO 21-01 (quoting 85 Fed. Reg. 79190, 79197).

The AO's interpretation of *Grable* is consistent with the Supreme Court's long-standing rule "that in certain cases federal question jurisdiction will lie over state-law claims that implicate federal issues." *Grable*, 545 U.S. at 312. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

The *Grable* Court determined that no single, precise test exists for determining whether an embedded federal issue exists, but that, in general, a two-step process exists for determining whether a state law claim "arises under" federal law: (1) the state law claim must necessarily raise a stated federal issue that is actually disputed and substantial; and (2) federal courts must be able to entertain the state law claims "without disturbing a congressionally approved balance of state and federal judicial responsibilities." *Id.* at 314.

Here, both prongs are satisfied. First, Plaintiffs bring claims as a result of Defendants' alleged use or administration (or nonuse or nonadministration) of covered countermeasures in connection with the care and treatment of Mr. Padilla, which necessarily implicates disputed and substantial federal issues. *See* 42 U.S.C. § 247d-6d. Second, the PREP Act expresses a clear intention to supersede and preempt state control of the very issues raised by Plaintiffs, such as Defendants' conscious decisions to use or not use covered countermeasures, including COVID-19 testing and PPE.[16]

A substantial and disputed federal issue regarding the application of the PREP Act to Plaintiffs' claims therefore necessarily exists, and must be resolved by this Court

---

[16] The July 2020 COVID-19 FICS specially referenced a practice at Brookfield of reusing PPE pursuant to the facility's "Mitigation Plan for preservation of PPEs." (West Decl., Ex. 1.)

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

to ensure the uniform and appropriate application of the PREP Act.  Indeed, courts have long recognized federal jurisdiction under the *Grable* doctrine. *See, e.g., McKay v. City & Cty. of San Francisco,* No. 16-CV-03561 NC, 2016 WL 7425927, at *4 (N.D. Cal. Dec. 23, 2016) (finding federal jurisdiction under *Grable* where plaintiff's request that court enjoin use of flight paths was "tantamount" to a challenge to the validity of an FAA decision).

**B.      Plaintiffs' Factual Allegations Invoke the PREP Act.**

Plaintiffs' argument that the Complaint does not invoke the PREP Act is also unpersuasive. The Complaint, documents cited therein, and documents for which this Court can take judicial notice of, expressly confirm both affirmative acts and alleged omissions involving the use or administration of covered countermeasures, and also that these acts and omissions were allegedly the cause of Mr. Padilla's death and other damages.  Each of Plaintiffs' points is squarely rebutted below.[17]

**1. "Covered Countermeasures" are Properly Before this Court.**

The PREP Act defines a "covered countermeasure" to include, *inter alia*, "qualified pandemic or epidemic products," as well as "drugs, biological products or devices authorized for investigational or emergency use," or "a respiratory protective

---

[17] Defendant is clearly a covered person under the PREP Act.  In a letter dated August 14, 2020, HHS confirmed that senior living communities such as Defendant are "covered persons" under the PREP Act as both "program planners" and "qualified persons" when they meet other requirements under the PREP Act. *See also* Defs' Mot. To Dismiss.  Plaintiffs do not challenge Defendant's status as a "covered person" in their Motion, so that issue is not addressed herein.  As such, Plaintiffs are precluded from attempting to raise that issue in their reply brief.  *See Cincinnati Ins. Co. v. All Plumbing, Inc.,* 64 F. Supp. 3d 69, 79 (D.D.C. 2014) ("[I]t is improper for a party to raise new arguments in a reply brief because it deprives the opposing party of an opportunity to respond to them, and courts may disregard any such arguments.").

13

device." *See* 42 U.S.C. § 247d-6d(i)(1),(8).[18]  The Declaration further defines "covered countermeasure" as "any . . . diagnostic, any other device . . . used to treat, diagnose, cure, prevent, or mitigate COVID-19" provided that such countermeasure fits into at least one of the categories set forth under the PREP Act: "qualified pandemic or epidemic products"; "drugs," "biological products," and "devices" authorized for emergency use under the FD&C Act; or "respiratory protective devices."  42 U.S.C. § 247d-6d(i)(1); AO 20-04.[19]  AO 20-04 recognizes that "[t]he number of products used for COVID-19 that are approved, licensed, or cleared are too numerous to list."[20]

Based on the evidence before this Court, there is no doubt that Brookfield had an infection prevention and control program well before Mr. Padilla's admission to Brookfield.  Plaintiffs specifically reference in the Complaint protocol in place at Brookfield designed to mitigate against COVID-19 in the form of testing and isolation.  (Compl., ¶ 16)

///

---

[18] On March 18, 2020, the Families First Coronavirus Response Act ("FFCRA") added "respiratory protective device[s]" to the list of "covered countermeasures."  The Secretary of HHS later amended the Declaration to include "any respiratory protective device."  85 Fed. Reg. 21014 Sec. VI (Apr. 15, 2020).  The Secretary determined "that use of any respiratory protective device approved by NIOSH under 42 CFR part 84, or any successor regulations, is a priority for use during the public health emergency."  *Id.* at 21013.

[19] The PREP Act establishes "a rebuttable presumption that any administration or use, during the effective period of the emergency declaration by the Secretary . . . , of a covered countermeasure shall have been for the category or categories of diseases, health conditions, or threats to health with respect to which such declaration was issued."  42 U.S.C. § 247d-6d(a)(1)(6).  Here, there is no dispute that Mr. Padilla's care was rendered during the effective period of the Secretary's Declaration.  *See* 85 FR 16949-16950; *see generally* Compl.

[20] The Advisory Opinion cites to lists of medical devices and therapeutics that are covered by EUAs.  *See* U.S. Food & Drug Administration, FDA Combating COVID-19 With Medical Devices (May 4, 2020), https://www.fda.gov/media/136702/download.  *See also* U.S. Food & Drug Administration, Emergency Use Authorization, https://www.fda.gov/emergency-preparedness-and-response/mcm-legal-regulatory-and-policy-framework/emergency-use-authorization#covid19euas.

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Further, Plaintiffs specifically refer in the Complaint to a July 2020 California Department of Public Health ("CA DPH") citation ("July 2020 Citation") that was issued to the Facility for alleged "COVID-reporting violations". (Compl., ¶ 18)  This document actually confirms Brookfield's infection control program and mitigation plan in place for preservation of Personal Protective Equipment ("PPE"), as well as Brookfield's utilization of certain PPE (gowns), all of which were implemented and in effect months before Mr. Padilla was admitted to the Brookfield in September 2020. (*See* West Decl., Ex. 1.)

Additionally, two additional CA DPH surveys from March 30, 2020 and June 18, 2020, of which this Court can take judicial notice, unequivocally confirm that Brookfield had multiple countermeasures in place designed to prevent and curtail the spread of the virus to the Facility.  (West Decl., Exs. 2-3.)  Specifically, both surveys found Brookfield to be in compliance with 42 CFR § 483.80 and no deficiencies noted with respect to COVID-19.  (*Id.*)  This is significant in that a finding of compliance with 42 CFR § 483.80 clearly means, based on the plain reading of this authority, that the facility had established and maintained an infection prevention and control program designed to provide a safe, sanitary, and comfortable environment and to help prevent the development and transmission of communicable diseases and infections.   As dictated by this authority, the infection control program must include, but is not limited to the following: a system of surveillance designed to identify possible communicable diseases or infections before they can spread to other persons (42 CFR § 483.80 (a)(1)(i)); standard and transmission based precautions to be followed to prevent the spread of infections (42 CFR § 483.80 (a)(1)(iii)); when and how isolation should be used for a resident (42 CFR § 483.80 (a)(1)(iv); the circumstances under which the facility must prohibit employees with a communicable disease from direct contact with residents (42 CFR § 483.80 (a)(1)(v)); and the hand hygiene procedures to be followed by staff involved in direct resident contact (42 CFR § 483.80 (a)(1)(vi).)

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD
HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Thus, no matter how Plaintiffs attempt to characterize the allegations, the inescapable conclusion is that the Complaint specifically sets forth an alleged direct causal link between COVID-19 and Mr. Padilla's alleged injuries and death.  As a consequence, these affirmative allegations effectively "plead [plaintiffs] out of court" by expressly "invok[ing] issues governed by the PREP Act."  *See Garcia v. Welltower OpCo Group LLC*, 2021 WL 492581, at *10 (C.D. Cal. Feb. 10, 2021) (quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)).

### 2. Plaintiffs Plead Omissions Involving "Covered Countermeasures."

Even Plaintiffs' allegations of failure to act invoke the PREP Act by virtue of the statute's "act[s] or *omissions*" clause.  *See* 42 U.S.C. § 247d-6d(c)(1)(A) (emphasis added).  The Fourth Amendment to the Declaration confirms that:

> Where there are limited Covered Countermeasures, ***not*** administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute "relating to . . . the administration to . . . an individual" under 42 U.S.C. 247d-6d . . . [such as] when [t]he person in the vulnerable population was able to receive the vaccine only because it was not administered to the person in the less-vulnerable population. ***Prioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declaration's liability protections.***

85 Fed. Reg. 79190, 79197 (emphasis added).[21]  This principle has been reinforced by HHS, which expressly rejected the notion that the PREP Act requires actual "use" of a covered countermeasure for immunity to apply.  *See* AO 21-01 at p. 3.  For example,

---

[21] The SOI filed by DOJ in *Bolton,* cited *supra,*  confirmed that "[w]here there are limited Covered Countermeasures, ***not*** administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute 'relating to . . . the administration to . . . an individual' under 42 U.S.C. 247d-6d."  *Id.* at 4 (emphasis added).

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

AO 21-01 provides that "this 'black and white' view clashes with the plain language of the PREP Act, which extends immunity to **anything 'relating to'** the administration of a covered countermeasure." *Id.* (emphasis added).  It further provides that "**[t]here can potentially be other situations where a conscious decision not to use a covered countermeasure could relate to the administration of the countermeasure**." *Id.* (emphasis added); *see also* AO 20-04 (noting that "certain acts or **omissions**" remain immune from suit) (emphasis added).

Here, Defendants acted in their statutory role as program planners to make reasonable choices in allocating covered countermeasures, prioritizing the administration or use of covered countermeasures, and following applicable and conflicting guidance.  Therefore, all of the above omissions or failures to act are examples of administration or use of covered countermeasures.

Notably, in *Garcia*, this Court granted the defendants' motion to dismiss and denied the plaintiffs' motion to remand on the grounds that the PREP Act completely preempted plaintiffs' claims, even those alleging the defendants' failure to act.  *See Garcia,* 2021 WL 492581, at *15–17.  In so doing, this Court expressly affirmed that omissions or inaction, including "possible unsuccessful attempts at compliance with federal or state guidelines[,]" are sufficient to trigger the PREP Act.  *See id.* at 14. Thus, even to the extent Plaintiffs allege injuries as a result of Defendants' alleged inaction or omissions, such injuries necessarily "relate to the administration of a covered countermeasure" and trigger application of the PREP Act.

### 3. The Case Law Cited by Plaintiffs Is Unpersuasive

The authorities cited by Plaintiffs are unpersuasive because they directly contradict the **controlling** legal authorities, which confirm that "[t]he PREP Act is a 'Complete Preemption' Statute" and are not in line with the multiple recent authorities from HHS, including AO 21-01 and the Fourth, Fifth, Sixth, and Seventh Amendments to the Declaration,  *See* AO 21-01 at 2-4; *see also* 42 U.S.C. § 247d-6d(b)(8); 86 Fed. Reg. at 7874; 45 Op. O.L.C. X (2021).

17

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

On the judicial front, the more compelling case authority is again *Garcia, supra,* in which Judge Selna of this Court correctly concluded that "because the OGC stated that the PREP Act is a complete preemption statute . . . an adequate basis for federal jurisdiction exists," noting that the sole exception to PREP Act immunity is an exclusive federal cause of action based on willful misconduct that must be filed in the D.D.C. *Id.* at *9. Of particular note, Judge Selna held that even failure to act, and other types of omissions alleged by the plaintiffs can be covered by the PREP Act: "[D]ecision-making that leads to the non-use of covered countermeasures by certain individuals is [] the grist of program planning, and is expressly covered by the PREP Act." *Id.* (quoting AO 21-01). Further, the plaintiffs' claims, taken as true, are "possible unsuccessful attempts at compliance with federal or state guidelines – something which the PREP Act, the Declaration, and  . . . the Advisory Opinion cover." *Id.*

The recent case of *Smith v. Colonial Care Center, Inc.,* No. 2:21-cv-00494-RGK-PD, 2021 WL 1087284 (C.D. Cal. Mar. 19, 2021), also confirms that the PREP Act completely preempts willful misconduct state law claims.  While the *Smith* court erroneously concluded that the PREP Act did not completely preempt ***non***-willful misconduct claims, it correctly held for relevant purposes here that "a state law claim may be ***completely preempted*** by the PREP Act if the claim (1) falls within the scope of the PREP Act's immunity provision, and (2) is premised on allegations of death or serious physical injury proximately caused by willful misconduct by a person covered under the Act." *Id.* at *6 (emphasis added).  The *Smith* court further agreed that "the only court that may exercise jurisdiction over such a claim is the United States District Court for the District of Columbia." *Id.* at *6.

Finally, Plaintiffs' argument that federal question jurisdiction of this matter is based merely on a defense is incorrect as a matter of law since "[t]he doctrine of ***complete preemption*** that gives rise to federal subject-matter jurisdiction ***is separate***

18

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

*and distinct from ordinary preemption* . . . which can be raised as a defense to state law claims[.]") *See Cefarrati,* 75 F. Supp. 3d at 64 (emphasis added).

## IV.    CONCLUSION

As confirmed by the implementing Declaration, when the PREP Act is triggered, complete preemption attaches.  As the PREP Act and *Grable* doctrine are directly applicable to Plaintiffs' claims, this Court's jurisdiction is proper and Plaintiffs' Motion to Remand should be denied, including Plaintiffs' request for attorneys' fees.

Respectfully submitted this 26th day of March, 2021.

                              **CLARK HILL LLP**


                    By:  /s/ Michael P. West
                              Michael P. West
                              Ashley Escudero
                              *Attorneys for Defendant,*
                              *Downey Community Care, LLC dba*
                              *Brookfield Healthcare Center*

**DEFENDANT DOWNEY COMMUNITY CARE, LLC D/B/A BROOKFIELD HEALTHCARE CENTER'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

# CERTIFICATE OF SERVICE

I hereby certify that on this 26ᵗʰ day of March, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: March 26, 2021

/s/ Michael P. West
Michael P. West

*Attorneys for Defendants,*
Downey Community Care LLC dba
Brookfield Healthcare Center

***Attorney for Plaintiffs:***

Kennth G. Ruttenberg, Esq. (167377)
**THE RUTTENBERG LAW FIRM, P.C.**
1901 Avenue of the Stars, Suite 1020
Los Angeles, CA  90067
Tel:  (310) 979-7080
Fax: (310) 207-4033
Email:  ken@ruttenbergpc.com

262328896.v1