UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | *Carmen Padilla, et al. v. Brookfield Healthcare Center, et al.* | Page | 1 of 9 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)          Attorneys Present for Defendant(s)
None Present                                 None Present

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFFS' MOTION TO REMAND [11] AND DEFENDANT'S MOTION TO DISMISS [10]**

On February 2, 2021, Plaintiffs Carmen, Leticia, Jose, Jesus, Ismael, and Alfredo Padilla filed a Complaint in Los Angeles County Superior Court against Defendants Brookfield Healthcare Center ("Brookfield") and Downey Community Care LLC ("Downey"), alleging claims for elder neglect in violation of California Welfare and Institutions Code section 15600, *et seq.*, and wrongful death. [Doc. # 1-1.] Defendant Downey, which uses "Brookfield Healthcare Center" as a fictitious business name and states that Brookfield is not an independent entity, was served with the Complaint on February 5, 2021. Not. of Removal ("NOR") at ¶ 2 [Doc. # 1]. On March 5, 2021, Defendant removed the case to this Court, asserting federal question jurisdiction under the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. §§ 247d-6d, 247d-6e. *Id.* at ¶ 10.

On March 18, 2021, Plaintiffs filed the instant Motion to Remand ("MTR"). [Doc. # 11.] The motion is fully briefed. [Doc. ## 16, 17.] Also pending before the Court is Defendant's fully-briefed Motion to Dismiss ("MTD"), filed on March 12, 2021. [Doc. # 10.]

For the reasons stated below, the Court **GRANTS** Plaintiffs' MTR and **DENIES as moot** Defendant's MTD.

**I.
FACTUAL BACKGROUND**

Plaintiffs are the wife and children of Decedent Asuncion Padilla, and they are all residents of Los Angeles County. Compl. at ¶¶ 1-8 [Doc. # 1]. Defendant Downey is a Nevada limited liability company doing business in Los Angeles County as the Brookfield Healthcare Center ("Brookfield"), an assisted living facility located at 9300 Telegraph Road, Downey, California. *Id.* at ¶ 9. Brookfield is not a separate entity from Downey. *See* NOR at ¶ 2.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Carmen Padilla, et al. v. Brookfield Healthcare Center, et al. | Page | 2 of 9 |

On September 14, 2020, Decedent, who was 77 years old at the time, underwent a hip replacement procedure. Compl. at ¶¶ 8, 14. Two days later, he was transferred to Brookfield for recovery and rehabilitation, with an anticipated discharge date of November 14, 2020. *Id.* at ¶ 14. Decedent was placed in a room with three other patients, each separated by a few feet and curtains, who "came and went as patients were admitted and discharged," although Plaintiffs were able to visit Decedent only through a glass window outside of his room. Plaintiffs observed that Decedent seemed to be over-medicated. *Id.* at ¶ 15.

On October 5, 2020, Brookfield tested Decedent for COVID-19, and his results were negative. On November 12, 2020, one of Decedent's roommates tested positive for COVID-19, and Plaintiffs believe that Brookfield then removed the ill roommate and put him in isolation. The next day, Decedent also tested positive for COVID-19 and was put into isolation. Brookfield never notified Plaintiffs of any prior COVID-19 exposure or positive test results before Decedent became infected. *Id.* at ¶ 16. On November 20, 2020, Decedent was admitted to a hospital for intensive care for COVID-19, and on December 14, 2020, he passed away from COVID-19 and related complications. *Id.* at ¶ 17.

Plaintiffs are now informed and believe that since the start of the pandemic, Brookfield had 91 cases of COVID-19 among its residents, 16 cases of COVID-19 among its staff, and 17 deaths due to COVID-19. In addition, in July 2020, the State of California cited Brookfield for COVID-19 reporting violations. Plaintiffs were unaware of these facts until after Decedent's death and allege that had they known these facts before Decedent was admitted to Brookfield, they would not have allowed him to be admitted. *Id.* at ¶ 18.

## II.
## LEGAL STANDARD

A defendant may remove an action to federal court only where there is either complete diversity among the parties or federal question jurisdiction. 28 U.S.C. § 1441. Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Removal is proper if the case could have originally been filed in federal court. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001).

The "well-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Causes of action "arise under" federal law in accordance with 28 U.S.C. § 1331 if federal law creates the cause of action or the complaint necessarily depends on a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | *Carmen Padilla, et al. v. Brookfield Healthcare Center, et al.* | Page | 3 of 9 |

800, 808 (1988). Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

### III.
### DISCUSSION

Neither party argues that the Court has diversity jurisdiction over this case, and they focus their arguments on whether the Court has federal question jurisdiction based on the PREP Act. Plaintiffs argue that there is no subject matter jurisdiction under 28 U.S.C. section 1331 because their claims arise solely under state law and the PREP Act does not provide for complete preemption of their claims.

**A.    PREP Act Background**

Passed in 2005, the PREP Act authorizes the Secretary of Health and Human Services ("HHS") to issue a declaration determining that "a disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b). The Act provides immunity from liability for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." *Id.* § 247d-6d(a)(1). "Covered countermeasures" include drugs, biological products [1], and devices manufactured, used, designed, developed, modified, licensed, or procured to diagnose, mitigate, prevent, treat, or cure a serious or life-threatening disease or to limit the harm of a pandemic or epidemic. *Id.* § 247d-6d(i). Covered persons who may be immune from liability include "a program planner of such countermeasure." *Id.* If immunity applies, the injured person or their survivors may seek compensation from an administrative program that provides reimbursement for some losses associated with the use of covered countermeasures. *Id.* § 247d-6e. The only exception to the Act's immunity is when the injury occurs through willful misconduct, in which

---

[1] A biological product is "a virus, therapeutic serum, toxin, antitoxin, vaccine, blood, blood component or derivative, allergenic product, protein, or analogous product, or arsphenamine or derivative of arsphenamine (or any other trivalent organic arsenic compound), applicable to the prevention, treatment, or cure of a disease or condition of human beings." 42 U.S.C. § 262.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Carmen Padilla, et al. v. Brookfield Healthcare Center, et al. | Page | 4 of 9 |

case an injured person or their survivors may file a claim in the U.S. District Court for the District of Columbia. *Id.* § 247d-6d(d).

On January 31, 2020, the HHS Secretary declared the nascent COVID-19 outbreak a public health emergency under a more general section of the Public Health Service Act. On March 10, 2020, he declared the COVID-19 pandemic a public health emergency under the PREP Act, thereby authorizing liability protection for use of covered countermeasures ("March 10, 2020 Declaration"). 85 Fed. Reg. 15198-01. To this date, the Secretary has issued seven amendments to the March 10, 2020 Declaration clarifying the scope of covered countermeasures and covered persons.

Several of those amendments are relevant to Plaintiffs' MTR. On April 10, 2020, the Secretary issued the First Amendment, noting that the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Public Law 116-136, enacted on March 27, 2020, created a new category of covered countermeasures eligible for liability immunity under the PREP Act: respiratory protective devices approved by the National Institute for Occupational Safety and Health (NIOSH) that the Secretary determines to be a priority for use during a public health emergency. 85 Fed. Reg. 21012-02. On December 3, 2020, the Secretary issued the Fourth Amendment clarifying that the "administration" of a covered countermeasure may also include *not* administering a covered countermeasure:

> Administration of the Covered Countermeasure means physical provision of the countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution and dispensing of the countermeasures to recipients, management and operation of countermeasure programs, or management and operation of locations for the purpose of distributing and dispensing countermeasures.
>
> Where there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute "relating to . . . the administration to . . . an individual" under 42 U.S.C. 247d-6d. For example, consider a situation where there is only one dose . . . of a COVID-19 vaccine, and a person in a vulnerable population and a person in a less vulnerable population both request it from a healthcare professional. In that situation, the healthcare professional administers the one dose to the person who is more vulnerable to COVID-19. In that circumstance, the failure to administer the COVID-19 vaccine to the person in a less-vulnerable population "relat[es] to . . . the administration to" the person in a vulnerable population. The person in the

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |

| Case No. | CV 21-2062-DMG (ASx) | | Date | April 19, 2021 |
|---|---|---|---|---|
| Title | Carmen Padilla, et al. v. Brookfield Healthcare Center, et al. | | Page | 5 of 9 |

> vulnerable population was able to receive the vaccine only because it was not administered to the person in the less-vulnerable population. Prioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declaration's liability protections.

85 Fed. Reg. 79190-01. The Fourth Amendment also provided that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act." *Id.* On January 28, 2021, the Secretary issued the Fifth Amendment, specifying that licensed healthcare professionals ordering and administering COVID-19 vaccines are covered persons under the PREP Act, and that the PREP Act preempts state law that otherwise prohibits certain healthcare professionals from ordering and administering vaccines. The Fifth Amendment states that "[t]he plain language of the PREP Act makes clear that there is complete preemption of state law as described above." 86 Fed. Reg. 7872-02.

In addition, on January 8, 2021, the HHS Office of the General Counsel ("OGC") issued an advisory opinion regarding the scope of the PREP Act's preemption, particularly in response to the increase of lawsuits involving nursing homes and other healthcare facilities alleging that the "facility, among other things, failed to provide its staff with personal protective equipment ("PPE"), failed to teach the staff how to properly use that equipment, or failed to ensure that its staff used the PPE that it had been given." Def.'s Request for Judicial Notice ("RJN"), Ex. 4 [Doc. # 16-9].[2] The OGC opined that "[t]he *sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court. The PREP Act does both." In addition, the OGC noted that under *Grable*, a federal court may exercise jurisdiction over state law claims that turn on substantial questions of federal law, and that determinations of whether the PREP Act immunity apply should be decided by federal courts. The OGC also reiterated the Fourth Amendment's clarification that the PREP Act "extends immunity to anything 'relating to' the administration of a covered countermeasure," including, in some instances, the failure to use a covered countermeasure. *Id.*

---

[2] The Court **GRANTS** judicial notice of this advisory opinion, as a government document the authenticity of which is not in dispute. *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014). Because the Court does not rely on the other exhibits of which Defendant seeks judicial notice, the remainder of the RJN is **DENIED as moot**.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | | JS-6 / REMAND |

| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Carmen Padilla, et al. v. Brookfield Healthcare Center, et al. | Page | 6 of 9 |

**B.** **PREP Act Preemption**

Under the doctrine of complete preemption, a state claim arises under federal law when Congress "so completely preempt[s] a particular area that any civil complaint raising th[e] select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). A state law cause of action is only completely preempted when "the federal statute[] at issue provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). In short, Congress must intend the statute to provide the exclusive cause of action. *Id.* at 9.

Nearly every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect. *See Smith v. Colonial Care Ctr., Inc.*, No. CV 21-00494-RGK-PD, 2021 WL 1087284, at *4 (C.D. Cal. Mar. 19, 2021); *Est. of Jones through Brown v. St. Jude Operating Co., LLC*, No. CV 20-01088-SB, 2021 WL 900672, at *5 (D. Or. Feb. 16, 2021), *report and recommendation adopted*, No. CV 20-1088-SB, 2021 WL 886217 (D. Or. Mar. 8, 2021) (collecting cases). As those courts have already discussed, the PREP Act provides for a federal *administrative* remedy for injuries arising from non-willful behavior, not an exclusive federal cause of action. *See Smith*, 2021 WL 1087284, at *5 (citing *Dupervil v. All. Health Operations, LCC*, No. CV 20-4042-PKC (PK), 2021 WL 355137, at *9 (E.D.N.Y. Feb. 2, 2021) ("Here, the PREP Act does not provide the exclusive cause of action for claims that fall within its scope; in fact, for the most part, the Act provides no causes of action at all.")). Because the PREP Act does not provide an exclusive cause of action to be filed in federal court, it does not completely preempt all state law claims. *See Beneficial Nat. Bank*, 539 U.S. at 8; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245 (9th Cir. 2009) (finding no complete preemption where a statute did not permit disputes "to be filed initially in federal court").

The only case Defendant cites finding that the PREP Act is a complete preemption statute, *Garcia v. Welltower OpCo Grp. LLC*, No. SA CV 20-02250-JVS (KESx), 2021 WL 492581 (C.D. Cal. Feb. 10, 2021), paid significant deference to the January 8, 2021 OGC Advisory Opinion. *See id.* at *6-7. While a court may consider an agency's interpretation of a statute to be a source of guidance, that interpretation is not controlling upon the court and is entitled to respect according to its persuasiveness. *See United States v. Mead Corp.*, 533 U.S. 218, 228 (2001); *Skidmore v Swift & Co.*, 323 U.S. 134, 139-40 (1944). *Garcia* did not address the persuasiveness of the January 8, 2021 OGC Advisory Opinion before according it deference. By contrast, the court in *Smith* found that the Advisory Opinion mischaracterized complete preemption doctrine when it stated that a statute may completely preempt when it establishes a federal administrative remedy, as well as when it establishes a federal cause of action. *Smith*, 2021 WL 1087284, at *6. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
| Title | Carmen Padilla, et al. v. Brookfield Healthcare Center, et al. | Page | 7 of 9 |

court noted that the OGC did not cite "any legal support for the proposition that an exclusive federal administrative remedy is sufficient for complete preemption." *Id.* (citation and internal quotation marks omitted). Accordingly, it held that the January 8, 2021 OGC Advisory Opinion was not persuasive and entitled to minimal respect. *Id.*

The Court agrees with *Smith*. Moreover, the Secretary's declaration that "[t]he plain language of the PREP Act makes clear that there is complete preemption of state law" was in specific reference to its clarification that the PREP Act preempts state law that otherwise prohibits certain healthcare professionals from ordering and administering vaccines and did not provide any legal reasoning to support a broad declaration of complete preemption. 86 Fed. Reg. 7872-02. Without the benefit of more persuasive agency interpretations, the Court concludes that the PREP Act does not present the "rare" case of complete preemption. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

**C.     PREP Act Coverage**

Defendant also argues that the Court should exercise jurisdiction over Plaintiffs' state law claims because they necessarily raise a federal issue regarding interpretation of the PREP Act. The Court does not find Defendant's reliance on the Fourth Amendment and Advisory Opinion's citation to *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), to be persuasive for two reasons.

First, Plaintiffs' claims do not implicate the PREP Act and therefore do not raise a federal issue. The "substantial question" doctrine is a longstanding exception to the "well-pleaded complaint" rule. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The Supreme Court has not stated a "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims." *Grable*, 545 U.S. at 314 (internal citation omitted). Under *Grable*, a complaint based entirely on state law claims can invoke federal question jurisdiction only if: (1) the case necessarily raises a federal issue; (2) the federal issue is substantial and actually in dispute; and (3) the exercise of federal jurisdiction would be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 313-14 (internal citations omitted); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

The gravamen of Plaintiffs' Complaint is that Defendant failed to care for Decedent by (1) allowing him to remain in a room with new roommates with no evidence of COVID-19 testing of those roommates; (2) possibly over-medicating him after his hip replacement; and (3) failing to

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Carmen Padilla, et al. v. Brookfield Healthcare Center, et al. | Page | 8 of 9 |

notify Plaintiffs of COVID-19 exposure or the facility's prior COVID-19 cases such that Plaintiffs could make an informed decision regarding Decedent's placement there. Compl. at ¶¶ 16, 18. None of these arguments involve the use of drugs, biological products, or devices used to treat, mitigate, or prevent COVID-19, such as personal protective equipment ("PPE"), therapeutics, or vaccines. Defendant's policies regarding social distancing, use of medication for conditions unrelated to COVID-19, and reporting COVID-19 cases thus do not constitute covered countermeasures under the PREP Act. In a similar case, the court held that where the plaintiffs alleged the defendant care facility failed to implement an effective policy for isolating proven or suspected carriers of COVID-19, and protecting its residents from exposure to COVID-19, "the square peg of Plaintiffs' allegations does not fit into the round hole of the PREP Act's definition of a covered countermeasure." *Smith*, 2021 WL 1087284, at *4.

The only issue in the Complaint that relates to a covered countermeasure is the alleged lack of COVID-19 testing of Decedent's roommates before they were placed into his room. Even so, Plaintiffs allege that Defendant *failed* to act with respect to testing, and inaction generally does not fall under the scope of the PREP Act. *See* 42 U.S.C. § 247d-6d(b)(1) (providing immunity from liability for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure."); *see also Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW (JPRx), 2021 WL 364640, at *5 (C.D. Cal. Feb. 3, 2021) (finding no PREP Act coverage where "inaction, rather than action, by Defendants that caused Decedent's death" and collecting similar COVID-19 cases). Defendant argues that the Fourth Amendment and the January 8, 2021 OGC Advisory Opinion explicitly provide that certain types of inaction may trigger PREP Act immunity. But the Fourth Amendment states that "[w]here there are *limited* Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute 'relating to . . . the administration to . . . an individual' under 42 U.S.C. 247d-6d." 85 Fed. Reg. at 79,197 (emphasis added). Plaintiffs do not allege that in October 2020, there were limited COVID-19 tests, such that Defendant's alleged policy of failing to test new roommates was a result of "[p]rioritization or purposeful allocation of a Covered Countermeasure," as opposed to negligent failure to act. *Id.*

Courts addressing similar state law claims on removal have found that such failure to act does not implicate the PREP ACT and remanded those cases to the state courts. *See Smith*, 2021 WL 1087284, at *4; *Lyons*, 2021 WL 364640, at *1–2; *Est. of Jones through*, 2021 WL 900672, at *5 (collecting cases). Although Defendant again relies on *Garcia*, that case involved allegations of inadequate PPE—i.e., a covered countermeasure. 2021 WL 492581 at *9. Because this case does not allege actions or a specified type of inaction related to covered countermeasures, Plaintiffs' elder abuse and negligence claims do not necessarily raise a disputed federal issue over which the Court may or should exercise its jurisdiction.

UNITED STATES DISTRICT COURT　　JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2062-DMG (ASx) | Date | April 19, 2021 |
|---|---|---|---|
| Title | Carmen Padilla, et al. v. Brookfield Healthcare Center, et al. | Page | 9 of 9 |

Second, even if Plaintiffs' claims based on the lack of COVID-19 testing fall under the PREP Act's covered countermeasures, immunity under the PREP Act is a defense, not a necessary aspect of Plaintiffs' state law claims. It is axiomatic that federal jurisdiction cannot rest upon an actual or anticipated defense. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Thus, the Court does not have subject matter jurisdiction over this case solely because the PREP Act may be raised as a defense. *See Lyons*, 2021 WL 364640, at *6.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiffs' motion to remand is **GRANTED**, and Defendant's pending MTD is **DENIED as moot**. This action is hereby remanded to Los Angeles County Superior Court.

**IT IS SO ORDERED.**